IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSIE LEWIS, JR., #191 868, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-222-WKW |
| | ) | [WO] |
| HOUSTON COUNTY, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama. He brings this 42 U.S.C. § 1983 action seeking to challenge the conditions of confinement to which he was subjected while incarcerated at the Houston County Community Corrections ("HCCC"). Before the court is Defendant HCCC's motion to dismiss. Defendant HCCC has moved to dismiss on the basis that it is not a legal entity subject to suit. The court granted Plaintiff an opportunity to respond to the motion to dismiss. Doc. 25. Plaintiff has filed no response. Upon review of the motion to dismiss, the court concludes that the motion is due to be granted.

**I. DISCUSSION**

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. In the State of Alabama, both federal and state law are settled that a sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991). The Alabama Supreme Court has made it clear that other "departments and subordinate entities of

municipalities, counties and towns," such as a county jail, "lack[] the capacity to sue or be sued." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Based on the foregoing, the court concludes that the HCCC is not a legal entity subject to suit, and therefore its motion to dismiss is due to be granted.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Houston County Community Corrections' motion to dismiss (Doc. 19) be GRANTED;

2. Plaintiff's complaint against Defendant Houston County Community Corrections be DISMISSED with prejudice;

3. Defendant Houston County Community Corrections be DISMISSED as a party to this complaint; and

4. This case with respect to the remaining defendants be referred to the undersigned for additional proceedings.

It is further ORDERED that **on or before August 18, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The parties are advised that frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or

manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 4th day of August, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE