IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSIE LEWIS, JR., #191 868, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-222-WKW |
| | ) | [WO] |
| HOUSTON COUNTY, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Jessie Lewis, Jr., an inmate in the custody of the Alabama Department of Corrections, filed this 42 U.S.C. § 1983 action on April 14, 2017. The matter is pending before the court on Lewis' complaint challenging the constitutionality of his conditions at the Houston County Community Corrections ("HCCCF") work release facility. Lewis names as defendants Houston County, Alabama, and Tony Weber.[1] He requests damages and injunctive relief. Doc. 1.

Defendants filed an answer, special report, supplemental special report, and supporting evidentiary materials addressing Lewis' claims for relief. Docs. 26 & 29. In these filings, Defendants deny that they violated Lewis' constitutional rights and argue that this case is due to be dismissed because, prior to filing this cause of action, Lewis failed to exhaust an administrative remedy available to him at the HCCCF regarding the claims in the complaint. Docs. 26 & 29. Defendants base their exhaustion defense on Lewis's failure to file a grievance regarding his claims of unconstitutional conditions of confinement at the HCCCF. Docs. 26-6 & 29-1.

---

[1] In accordance with the prior orders, opinions, and proceedings of the court, Defendant Houston County Community Corrections' motion to dismiss was granted. Docs. 19, 20, 27 & 31.

The court provided Lewis an opportunity to file a response to the reports and specifically advised him that he must address Defendants' argument that "he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 30 at 1 (footnote omitted). The court's order advised Lewis that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 30 at 3. The order further cautioned Lewis that unless "sufficient legal cause" is shown within ten days, "the court may at any time [after expiration of the time for his filing of a response to this order] and without further notice to the parties (1) treat the special report, as supplemented, and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 30 at 3. Nevertheless, Lewis has not filed a response to Defendants' reports.

The court will treat Defendants' special report, as supplemented, as a motion to dismiss regarding the exhaustion defense and will recommend that this motion be resolved in Defendants' favor. *See Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II. STANDARD OF REVIEW

**A.    Exhaustion**

In addressing the requirements of 42 U.S.C. § 1997e exhaustion, the Eleventh Circuit has

recognized that [t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court. This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court.

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (citations and internal quotations omitted). Furthermore, "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case," and that cannot be waived. *Myles v. Miami-Dade Cnty. Corr. & Rehab. Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004)).

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. If the complaint is not subject to dismissal at this step, then the court should make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Myles*, 476 F. App'x at 366 (citations and internal quotations omitted). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id.* at 534.

### III. DISCUSSION

Lewis challenges the conditions of his confinement at the HCCCF. In response to the

3

complaint, Defendants assert that this case may be dismissed because Lewis failed to exhaust the administrative remedy provided by the facility prior to filing the instant complaint, as required by the PLRA.

Undeniably, the PLRA compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). Moreover, "the PLRA exhaustion requirement requires proper exhaustion," which

> demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation would turn that provision into a largely useless appendage.

*Woodford*, 548 U.S. at 90–93. The Supreme Court reasoned that because proper exhaustion of

4

administrative remedies is necessary, an inmate cannot satisfy the PLRA's exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal," or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83–84; *Bryant*, 530 F.3d at 1378 (holding that prisoners must "properly take each step within the administrative process" to exhaust administrative remedies in accordance with the PLRA); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (holding that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). In this analysis, the "only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the HCCCF provides an administrative remedy for inmate complaints in an inmate grievance procedure. Docs. 26-6, 29-1, 29-2 & 29-3. The grievance procedure in effect during Lewis's incarceration at the HCCCF allows an inmate to submit grievances to the Director of the HCCCF regarding matters or conditions at the facility. The procedure requires grievances to be submitted in writing. Grievance forms are obtained from the security office of the HCCCF and must be filled out completely then submitted to the Director. Docs. 29-1 & 29-2.

The court granted Lewis an opportunity to respond to the exhaustion defense raised by Defendants in their motion to dismiss. *See* Doc. 30. Lewis filed no response. Without any stated opposition, and on the record before it, the court finds Lewis had an available grievance system at

the HCCCF that he failed to exhaust. Lewis does not dispute his failure to exhaust the grievance procedure for the conditions of confinement at the HCCCF, and the unrefuted record before the court demonstrates this failure prior to seeking federal relief, a precondition to proceeding in this court on his claims. Defendants' motion to dismiss for failure to exhaust is therefore due to be granted. *Woodford*, 548 U.S. at 87–94.

Moreover, Lewis is no longer incarcerated. The facility administrative remedy procedure is, therefore, no longer available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Berry v. Keirk*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (holding that an inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (Doc. 26) be GRANTED to the extent Defendants seek dismissal of this case due to Lewis' failure to exhaust an administrative remedy available to him at the Houston County Community Corrections Facility prior to initiating this cause of action;

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Lewis' failure to exhaust an administrative remedy previously available to him at the Houston County Community Corrections Facility; and

3. No costs be taxed.

It is further ORDERED that on or before **November 23, 2017**, the parties may file an objection to this Recommendation. A party must specifically identify the factual findings and

6

legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982)

DONE on this 9th day of November, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE